# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURKE ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>D. FLORES, et al.,<br><br>Defendants. | Case No. 1:26-cv-1609BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Burke Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 7.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed in California Correctional Institution in Tehachapi where the events in the first amended complaint are alleged to have occurred. Plaintiff names the following as defendants: (1) D. Flores, correctional officer, and (2) V. Chavez, sergeant.

In claim 1, Plaintiff alleges violations of his freedom of speech under the First Amendment and Eighth Amendment on October 27, 2024. On October 27, 2024, Plaintiff was housed at CCI's level 3 facility. Family visitation from family members are essential to mental health and rehabilitation. When Plaintiff was going to a visit, he was informed that his wife (Cree Robinson) was detained unlawfully by Defendant Flores under suspicion of contraband. Cree Robinson was then subjected to a "strip search" which she agreed to do, and no contraband was found. Plaintiff was told to enjoy the visit with Cree Robinson after she had been wrongfully accused.

Around 13:43, the incarcerated population was told to sit down on the floor due to a separate incident that transpired in the visiting room with Defendant Flores. While sitting on the floor obeying Defendants' demand to sit down, Plaintiff blurted out, "All of this is unnecessary,

I'm going to get out you of this position." Defendant Flores responded by telling Plaintiff to "cuff up." Plaintiff stood up to be prepared to be detained while asking Defendant Flores and Defendant Sergeant V. Chavez "for what?" Plaintiff was not given an explanation and was immediately grabbed by a John Doe correctional officer and punched in the face by Defendant D. Flores before being slammed aggressively to the floor and assaulted  some more by Defendant D. Flores and V. Chavez. Plaintiff is guaranteed by First and Eighth Amendments to express his thoughts without retaliation and subjected to unnecessary force. Plaintiff's statement to Defendant Flores was met with retaliation by telling Plaintiff to cuff when no threat or act of violence was visible, violating Plaintiff's First Amendment rights.

In claim 2, Plaintiff alleges that he continually asked Defendants Flores and Sergeant V. Chavez why Plaintiff was about to be detained on October 27, 2024 inside the visiting room. Defendants refused to give an accurate answer and commenced to assault Plaintiff by grabbing punching and slamming Plaintiff onto the floor. Plaintiff was yelling "I am not resisting and I cannot put my hands behind my back because I have an injury to my right shoulder!" Defendant Sergeant V. Chavez ignored Plaintiff's statements and continued to forcefully bend my right arm out of place to deliberately damage it. Defendant Flores continued to punch Plaintiff in the face in an attempt to knock Plaintiff out unconscious.

Plaintiff sought medical care and has obtained a permanent lower bunk chrono and has had surgery to his right shoulder due to the assault. Due to the attack, Plaintiff has permanent issues with his right shoulder, preventing him from climbing to the top bunk, limiting various exercises; he has depression, fear, anxiety and chronic stress since the incident on October 27, 2024. Plaintiff alleges violation of the First and Eighth Amendments, and assault and battery.

As remedies, Plaintiff seeks declaratory relief and compensatory and punitive damages.

## III. Discussion

Plaintiff's complaint fails fails to state a cognizable claim under 42 U.S.C. § 1983, except as noted below.

**Plaintiff cannot Represent Others**

It is unclear from the allegations, but it appears Plaintiff may be seeking to represent his

wife in an alleged unlawful detention. Plaintiff may not do so. A non-attorney proceeding pro se may bring his own claims to court, but he may not represent others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (constitutional claims are personal; non-attorney has no authority to appear as an attorney for others than himself); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Therefore, this action will be construed as an individual civil suit brought by Plaintiff.

**Eighth Amendment**

Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*

*v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Liberally construing the allegations, Plaintiff states a cognizable claim for excessive force against Defendant Chavez and Flores. Plaintiff fails to state a claim against John Doe. John Doe is not named in the caption of the complaint as a defendant or identified in the list of defendants. (Fed.R.Civ. P. 10). Regardless, Plaintiff alleges John Doe merely grabbed Plaintiff, but did not strike him, which is not excessive in light of the allegations.

Medical Deliberate Indifference

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

It is unclear if Plaintiff is alleging a medical deliberate indifference claim. As currently plead, Plaintiff's complaint fails to state a claim for medical deliberate indifference. Plaintiff fails

to allege any individual defendant knew of and disregarded an excessive risk to his serious medical need. Plaintiff has been unable to cure this deficiency.

**Retaliation**

Plaintiff added a claim for retaliation in his amended complaint. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567– 68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.

1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted).

Plaintiff fails to state a cognizable claim. Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal. Indeed, Plaintiff alleges the incarcerated population was told to sit so that officers could address a separate incident, yet Plaintiff challenged or objected to the goal of security.

In particular, Plaintiff alleges he has a First Amendment right to challenge the officer's command by saying "I'm going to get you out of this position." However, not every type of speech is protected by the First Amendment. *See Quezada v. Herrera*, 2012 WL 1076130, at *4 (E.D. Cal. Mar. 29, 2012) (complaining that inmates had to wear hairnets not protected speech), aff'd, 520 F. App'x 559 (9th Cir. 2013); *Thomas v. MCSO*, 2009 WL 1311992, at *3 (D. Ariz. May 12, 2009) (calling an officer a derogatory name is not protected conduct); *Ruiz v. Cal. Dept. of Corr.*, 2008 WL 1827637, at *2 (C.D. Cal. Apr. 22, 2008) (prisoner's comments expressing dissatisfaction about matters of personal concern to inmate was not a matter of public concern protected by the Free Speech Clause). The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017). The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. *Entler*, 872 F.3d at 1043.

Here, however, Plaintiff's allegation of a vague threat to "get you [Flores] out of the position" in light of the other allegations, does not rise to the status of protected conduct. "Expressing ones thoughts" is not protected conduct in a prison context. Plaintiff's conclusory statement that defendants used excessive force against him for exercising his rights under the First and Fourteenth Amendment is not sufficient. Even considered together, Plaintiff's allegations are not sufficient to infer that defendants attacked him in retaliation for his vague threat to get Flores

out of his position. Plaintiff fails to adequately allege facts to suggest that the exercise of protected conduct was the "substantial" or "motivating" factor behind any of the defendants' conduct.

**Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**State Law Claim for Assault and Battery**

Plaintiff has failed to allege compliance with the claim presentation requirement of the Government Claims Act. California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004);

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

*Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

## IV. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on July 13, 2026, states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants D. Flores, correctional officer, and Defendant V. Chavez, Sergeant. However, Plaintiff's first amended complaint fails to state any other cognizable claims for relief against these or any other defendants. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on July 13, 2026, against Defendants D. Flores, correctional officer, and Defendant V. Chavez, Sergeant for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result

in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE