# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURKE ROBINSON,<br>Plaintiff,<br>v.<br>FLORES, *et al.*,<br>Defendants. | Case No. 1:26-cv-01609-JLT-BAM (PC)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE<br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Burke Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 2, 2026, the Court issued an order finding service of the complaint appropriate and directing electronic service on Defendants D. Flores and V. Chavez. (ECF No. 11.) On September 15, 2026, the Court's order regarding service of the complaint was returned as "Undeliverable, RTS, Not deliverable as addressed, unable to forward." (*See* Docket.) Plaintiff's address change was due on or before October 15, 2026, but he has not filed a notice of change of address.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and

> if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than October 15, 2026. Plaintiff has failed to file a change of address. The Court will therefore recommend that this action be dismissed without prejudice for failure to prosecute.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given that the Court's order sent to Plaintiff was returned, and Plaintiff failed to timely update his address, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted). More importantly, given the

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

**III. Conclusion and Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 21, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE